THE STATE OF KANSAS, *on the relation of John T. Little, Attorney General,* v. WILLIAM M. MITCHELL.

1. STATUTES — *Rule of Construction.* It is a uniform rule of construction that one part of a statute should be construed by other parts of the same statute, so that, if possible, no clause or part thereof shall be treated as superfluous, and this rule must especially be followed when the two are parts of the same section. (*Judd v. Driver*, 1 Kas. 464; *Bridge Co. v. K. P. Rly. Co.*, 12 id. 413; *Gardenhire v. Mitchell*, 21 id. 88.)

2. RAILROAD COMMISSIONERS — *Term — Power to Remove.* Under the provisions of § 2, chapter 124, Laws of 1883, railroad commissioners, after appointment, may continue in office for the term of three years, unless sooner removed; but the executive council has the power, at its discretion, to remove such commissioners, or any of them, and the courts cannot prevent or interfere. (Gen. Stat. 1889, ¶ 1326.)

*Original Proceeding in Quo Warranto.*

ALL the material facts are stated in the opinion, filed May 6, 1893.

*John T. Little,* attorney general, and *S. O. Thacher,* for plaintiff:

In the case at bar, the act establishing the board of commissioners, and the entire law upon the subject of railroads, consisting of 28 sections, approved March 6, 1883, is one entire act. This act was a substitute for house bills 269, 240, 190, 200, 201, 32, 33, 98, 26, and 47. The investigation of these various bills shows that the question was before the

house, and was discussed, giving the executive council the right to remove its commissioners for cause, but these bills finally culminated in the act under consideration. It will certainly not be seriously contended for a moment that the legislature intended that the council should only remove for cause, when, having that matter under consideration in the bills which finally became merged into law, it struck out *cause*, and made it discretionary with the council.

On the power of the council to remove without cause, see Mechem on Public Officers, §§ 448 and 454, and note 1, on page 454, and cases cited. See, also, 44 Ohio St. 104, 105; 46 N. J. L. 344; 92 N. Y. 191; 73 id. 437; 32 Pa. St. 482; 13 Pet. 258, 259; Mech. Pub. Off., §§ 459, 460; 92 Am. Dec. 528. But when the appointing power can remove only for "*cause* or good cause shown," this fact becomes a condition precedent, and the cause or causes enumerated must be specially alleged, the party notified, and the causes examined. 49 N. Y. 582.

Offices created by the constitution and having a definite term cannot be vacated before the expiration thereof without a trial of some sort; but the legislative offices, or offices created by legislature, may be filled, vacated or abolished as the legislature may prescribe. They are wholly within the legislative control; the elements of a contract, either as to tenure or compensation, do not enter into them. Pom. Stat. Law, § 553; Cooley, Const. Lim. 276 and note; Dill. Mun. Corp. 245 and 250. The leading case to which both text-books and decisions refer, in discussing the power to remove from office without assigning cause or notice, is *Ex parte Hemnen*, 13 Pet. 258, 259. A large number of cases have followed this decision, settling that a discretionary power to remove officers may be exercised without notice. *Hallgreen v. Campbell*, 82 Mich. 255; 21 Am. St. 557. See, also, *Butler v. Pennsylvania*, 10 How. 402; *Crenshaw v. United States*, 134 U. S. 99, 104, 105; *Conner v. New York*, 2 Sandf. 355; *Conner v. New York*, 5 N. Y. 285; *The State v. Douglass*,

26 Wis. 428; *Bryan v. Cattel,* 15 Iowa, 538; *Hennon v. Perry,* 24 Tex. 253.

The question before the court is important, and somewhat tinged with a political aspect. In the opening of the opinion of Justice Brinkerhoff, in *The State, ex rel., v. Kennon,* 7 Ohio St. 546, are pertinent observations from a high source, on the reluctance, yet pressure, a court must often feel in passing on questions colored with a partisan hue.

*David Overmyer,* for defendant:

Where a statute delares the tenure of an office, the incumbent holds by that tenure. The constitution, § 1, article 15, is as follows:

"The tenure of any office not herein provided for may be declared by law; when not so declared such office shall be held during the pleasure of the authority making the appointment."

I hold that it means that when the tenure of any office not provided for by the constitution is declared by law, then that same office is not to be held merely during the pleasure of the authority making the appointment, but is to be held during the term so declared. Section 7 of article 11 of the California constitution is substantially the same as § 2, article 15, of our constitution. Respecting its meaning, the California court says:

"The obvious meaning of which is, that in those offices the term of which is not fixed by law, the incumbent may be removed at the pleasure of the appointing power, but where the tenure is defined, then the officer shall hold for his full term. The language, 'where the duration is not provided by law, shall hold at the pleasure of the authority making the appointment,' is to be taken in a negative sense when the duration has been provided, and the rule *expressio unius est exclusio alterius* must govern."

See *The People, ex rel., v. Jewett,* 6 Cal. 291.

Our constitution, then, means that where the tenure of the office has been declared by law, the incumbent does not hold the office at the pleasure of the appointing power, but for the

"full term." Where an office is created by the legislature, and the tenure or term of office is fixed by law, the incumbent holds such office during said term or tenure, subject, of course, to removal for cause. The office of railroad commissioner is an office created by the legislature. The whole inquiry, therefore, is, Has the term or tenure of said office been *declared* by law? If it has, the incumbent of the office does not hold it subject to the pleasure of the authority making the appointment. If it has not, then the incumbent does hold subject to the pleasure of the authority making the appointment. It certainly cannot be denied that the act of 1883, § 2, which provides for the railroad commission, declares the tenure or term for the office.

It will be observed that, under said § 2, when a commissioner is elected to fill a vacancy, he does not hold at the pleasure of the appointing power, but holds for a definite period, to wit, the residue of the term made vacant by resignation or otherwise; and the last word of the sentence is the word "term," and the term of service of one who fills the vacancy is for the *residue of the term.* What term? Why, the term declared by law, namely, three years from some given date, which was the date of the appointment.

The removal clause of § 2, chapter 124, Laws of 1883, to the effect that the executive council may at any time remove such commissioners, or any of them, and elect others to fill a vacancy, is a provision upon the subject of removal from office independent of, and in no sense qualifies the clear and absolute character of, the declaration of the term or tenure. Having fixed the term, any provision following which does not inhere in the description of the period of the natural term, if it would have the effect to cause the office to be held at the pleasure of the authority making the appointment, must be held unconstitutional and void.

It is settled by authority that the office cannot at one and the same time be held by an incumbent by virtue of a term declared by law, and at the pleasure of the appointing power. It may be held either way, but it cannot be held both ways

at the same time, for the existence of a term is totally repug-
nant to the idea of the holding at the pleasure of the appoint-
ing power. The two ideas are irreconcilable. See Mech.
Pub. Off., § 385; *Speed v. Crawford*, 3 Metc. (Ky.) 207;
Webster's Dict., word "Term."

It is established by all of the authorities that it is only
where no term or tenure is fixed by the constitution or the
statutes that the incumbent holds at the pleasure of the au-
thority making the appointment. See Am. & Eng. Encyc.
of Law, pp. 562*f*, 562*g*; *The People, ex rel., v. Hill*, 7 Cal.
97; *The State, ex rel., v. Chatburn*, 63 Iowa, 659; *Collins v.
Tracey*, 36 Tex. 546; *The State, ex rel., v. Police Commis-
sioners*, 88 Mo. 144.

*J. G. Wood*, of counsel for defendant.

The opinion of the court was delivered by

HORTON, C. J.: On the 25th day of March, 1891, Wil-
liam M. Mitchell was elected railroad commissioner of the
state, as provided by § 2, chapter 124, Laws of 1883, for the
term commencing April 1, 1891. (Gen. Stat. of 1889, ¶ 1326.)
Mitchell qualified and entered upon the duties of his office.
On the 8th day of February, 1893, at a regular session of the
executive council of the state, Mitchell was removed from the
office as such commissioner, and John Hall was elected to fill
the vacancy caused by the removal.

On the part of the plaintiff, the contention is, that the ex-
ecutive council, under the statute, has the power to remove
the commissioners, or any of them, at its discretion, and elect
others to fill their places. On the other hand, the defendant
claims that his term of office has been declared by the statute
to be three years; that his term has not expired; that he does
not hold the office subject to the order of the executive coun-
cil, and, therefore, under the provisions of the constitution,
that he has not been legally removed. Section 1 of article 15
of the state constitution ordains that —

"All officers whose election or appointment is not otherwise

provided for, shall be chosen or appointed as may be prescribed by law."

Section 2 ordains that—

" The tenure of any office not herein provided for may be declared by law; when not so declared, such office shall be held during the pleasure of the authority making the appointment; but the legislature shall not create any office the tenure of which shall be longer than four years."

The office of railroad commissioner is created by the legislature, by the statute. It is not an office specifically provided for in the constitution. The legislature might have devolved the duties of such an office upon the executive council, or any member thereof. It is conceded that the legislature, in creating the office, had the right to declare the term or tenure thereof, and also that if the term or tenure of the office is not fixed by the statute, the office is held during the pleasure of the executive council, the authority making the appointment. Therefore the question in this case is over the construction of § 2, chapter 124, Laws of 1883. (Gen. Stat. of 1889, ¶ 1326.) The part we are called upon to consider reads:

" The executive council shall, before the first day of April next, elect three competent persons, who shall constitute a board of railroad commissioners, and who shall hold their offices from the date of their respective elections for the terms of one, two and three years from the first day of April next. The executive council shall, in like manner, before the first day of April in each year thereafter, elect a commissioner, to continue in office for the term of three years from said date; and in case any vacancy occurs in said board, by resignation or otherwise, shall, in the same manner, elect a commissioner to serve for the residue of the term. The executive council may at any time remove such commissioners, or any of them, and elect others to fill the vacancy; and all votes cast by each member of the executive council for the election of any person to the office of railroad commissioner, or removal from the same, shall be recorded in a journal kept by them for that purpose, which journal shall be kept open at all times to public inspection." (Gen. Stat. of 1889, ¶ 1326.)

We are not to pass upon the wisdom or folly of the statute, but to construe its language:

"It is only when all other means of ascertaining the legislative intention fail that a court may look to the effect of a law; then their interpretation becomes a sort of judicial legislation." (*Dudley v. Reynolds,* 1 Kas. 285.)

A court may not refuse to language its ordinary import, when construing a statute:

1. Statutes—rule of construction.

"It is a uniform rule of construction that one part of a statute should be construed by other parts of the same statute, so that, if possible, no clause or part shall be treated as superfluous, and especially when the two are parts of the same section." (*Judd v. Driver,* 1 Kas. 464.)

"A statute should be so construed that effect be given, if possible, to every clause and section of it." (*Bridge Co. v. K. P. Rly. Co.,* 12 Kas. 413.)

"Statutes must be so construed as to harmonize their various provisions, and, so far as possible, to give reasonable effect to all." (*Gardenhire v. Mitchell,* 21 Kas. 88.)

With these rules of construction, we can no more strike from the statute the clause, "The executive council may at any time remove such commissioners, or any of them, and elect others to fill the vacancy," than we can eliminate the words "to continue in office for the term of three years." If possible, we must give effect to all the language, and, if possible, the statute must be construed to harmonize. The statute, in our opinion, may be construed to read "as continuing in office the commissioners for the term of three years, unless sooner removed by the executive council." If the statute be construed in this way, some operation is given to all of its provisions; that is, the term of office of railroad commissioner is for three years, unless removed before the expiration of the term by the executive council, but if there is no removal or resignation, the term expires in three years. (*The State v. Stevenson,* 46 N. J. L. 344; *The State v. Hawkins,* 44 Ohio St. 98; *Ex parte Hemnen,* 13 Pet. 258.) The legislature, in

creating the office, it is conceded, had the right to provide that the office should be held during the pleasure of the authority making the appointment, and if the legislature, in creating the office, had not intended to permit the executive council to remove the commissioners at its discretion, the clause, "the executive council may at any time remove such commissioners or any of them," would have been omitted. The provision concerning "the term of three years" is no more operative than the provision, "the executive council may at any time remove."

It is contended that there was a fixed intention upon the part of the legislature to declare the term of office of a railroad commissioner to be for three years, and nothing less, and no removal before that time. A strained and unusual construction will be given to the words of the statute to carry out such a meaning, because, to do so, a part thereof must be eliminated. If it be suggested that in giving operation to the clause, "the executive council may at any time remove such commissioners," it will limit or qualify the prior clause in the statute, "to continue in office for the term of three years," we answer that these words exist in the same statute, and not only in the same statute but in the same section. Therefore they must not be overlooked. Such a construction ought to be given to these later words of the section of the statute referred to as will not suffer their operation to be defeated. (*Reyburn v. Brackett*, 2 Kas. 227.) These later words in the section of the statute ought and must prevail as much as the other words, and therefore the necessity of harmonizing the language or clauses of the statute. That the clause, "the executive council may at any time remove such commissioners, or any of them," was fully considered and intended to have effect, is apparent from an examination of the journals of the senate and house of the session of the legislature of 1883. Upon the first day of the session of that legislature, bills were introduced relating to the subject of state control of railroads. The senate and house had their separate bills and each included a separate

measure. Day after day, for several weeks, the committee of the whole consulted upon this subject. Upon the disagreement of the two houses, a conference committee was appointed and the bill containing the power of removal "for good cause shown" was defeated upon the disagreement of the two houses and the report of a conference committee. Subsequently, a second conference committee was appointed and its members reported a substitute for 10 different bills, which was finally adopted in the closing days of the session, and is the statute referred to. The second conference report, which was accepted, provided that "the executive council may at any time remove such commissioners, or any of them," and the words, "for good cause shown," were omitted. It is clearly evident, therefore, that the words, "for good cause shown," after being fully considered, were intentionally rejected from the proposed act, and the statute as passed, purposely and after much contention, included the clause permitting the removal of the commissioners at the discretion of the executive council. The proceedings of the two houses of the legislature upon this subject as reported in the journals are very significant in support of the conclusion reached by this court. (House Journal, 1883, pp. 805–984, *et seq.;* Senate Journal, 1883, pp. 628–776.)

If it be insisted that the clause, "the executive council may at any time remove such commissioners," refers to the removal after a trial and conviction for misfeasance or malfeasance in office by a competent legal tribunal, then the words in this clause have no operation, as the tribunal would remove, not the executive council. If it be urged that this clause must be construed to mean a removal for cause, or upon charges after notice, then, to give such a construction, we must judicially interpolate into the statute words to change its meaning; and, to do so, we must add language expressly rejected by the legislature, after great deliberation upon the subject. The statute, as we think it must be construed, makes the term of office of a railroad commissioner three years, subject to the discretion of the executive council, who may remove the com-

2. Railroad com-
missioners—
term—power
to remove.

missioners at any time; and when the council, in its discretion, determine to remove a commissioner, the courts, under the statute, cannot prevent or interfere. "The office was created by the legislature, and that body might abridge its term by express words, or specify an event upon the happening of which it should end." (*People v. Whitlock,* 92 N. Y. 191; *Conner v. Mayor, etc.,* 5 id. 285; *Long v. Mayor, etc.,* 81 id. 425.) In this case, the event specified by the legislature is removal by the executive council.

In New York, a law has recently been enacted by the legislature, the fifty-fifth section of which reads: "The term of office of each county engineer shall be three years, unless sooner removed, and his salary shall be fixed by the board of supervisors and be a county charge." (N. Y. Session Laws, 1893.) Section 3, article 10, of the constitution of New York, is similar to the provisions of the constitution of this state under consideration. (See ¶ 123, p. 646, vol. 1, Rev. Stat. of New York [Birdseye], 1889; 46 N. Y. 61; 34 id. 398; 94 id. 591; 30 Hun, 438.) The lawmakers of that state evidently did not suppose that, in providing that the term of office of county engineer "shall be three years, unless sooner removed," they were declaring the term of such office to be definitely for three years without the power of removal. That statute is very similar to § 2, chapter 124, Laws of 1883.

In the course of the argument, it was suggested that the question before the court was somewhat tinged with a political aspect. The political significance to this case, if any, is slight — merely transitory. The rule declared will apply to the newly-appointed commissioners as well as to the defendant; hence, if the present executive council should desire, it may remove the newly-appointed commissioners at any time; or, if this council shall be succeeded by other members at the next election for state officers, such new executive council may remove at any time the railroad commissioners appointed by the present council. But even if the question raised in this case has a political significance, that will not prevent this court from a prompt and just discharge of its duty. Inter-

ests growing out of personal or party politics are frequently involved in the courts, and although the court rendering a decision in such a case can hardly escape having its judgment criticised or its motives impugned, nevertheless, a duty imposed by the statute, however delicate or responsible, cannot be declined. Official obligation and fealty to the constitution, with an upright judge, are above and beyond personal friendships or party interests. (*The State v. Kennon*, 7 Ohio St. 546.) "The courts are for the people, not for a party, and every person should confidently apply to them with the assurance that his rights, and not his politics, will be considered and adjudicated. A free government is best subserved when based upon equitable and just laws, with fair and impartial courts, open and ready, as far as possible, to redress all grievances." (*The State v. Christy*, S. C. Neb. [MSS.])

A judgment of ouster against the defendant, Mitchell, will be entered, with costs.

All the Justices concurring.