No. 24,905.

FRED MCCREEDY et al., *Appellants*, v. THE CITY OF FORT SCOTT et al., *Appellees.*

SYLLABUS BY THE COURT.

1. STATUTES—*Rule of Construction.* It is a uniform rule of construction that one part of a statute should be construed by other parts of the same statute, so that, if possible, no clause or part shall be treated as superfluous, and especially, when the two are parts of the same section. Following *The State, ex rel., v. Mitchell,* 50 Kan. 289, 33 Pac. 104.

2. SAME—*Relating to Grading and Paving Certain City Streets—Statute Construed.* Where, in the body of section 1233 of the General Statutes of 1915, this language is used: "If a majority of the resident owners owning a majority in square feet of the lots or real estate liable to taxation therefor, shall not . . . file . . . their protest," etc., the mayor and council may proceed with the improvement. And where, in the latter part of the section, the following language is used: *"Provided further,* That the feet fronting or abutting upon such street, lane or alley owned or held by persons not resident of said city shall not be taken into account in determining the sufficiency of any such protest." *Held,* that the proviso relates to and applies to cities of the first class below as well as above 25,000 population.

3. INJUNCTION—*Paving Public Street—Requisites of a Valid Petition for Paving Street.* In an action to enjoin a city of the first class of less than 25,000 population from paving a street, the petition alleged that the paving district contained 1,314,000 square feet, that 144,000 of such square feet was owned or held by nonresidents, but contained no allegation showing what portion, if any, of the 144,000 square feet, owned by nonresidents, fronted or abutted upon the street to be improved; failed otherwise to show that—after deducting the feet fronting or abutting upon the street to be improved, owned or held by nonresidents—a majority of the resident owners, owning a majority of the remaining square feet, protested against the improvement; *held,* that it failed to state a cause of action and it was not error to sustain a demurrer thereto.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed June 9, 1923. Affirmed.

*W. F. Jackson,* of Fort Scott, for the appellants.

*W. P. Dillard,* and *John L. Connolly,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves a construction of section 1233 of the General Statutes of 1915 with reference to the sufficiency of a protest against a paving improvement in a city of the first class of less than 25,000 population.

McCreedy v. City of Fort Scott.

It was alleged in plaintiffs' petition that the action was brought by plaintiffs, for themselves and on behalf of about eighty-five other resident citizens owning property on 6th street in the paving district; that the city of Fort Scott is a city of the first class having a population of about 12,000; that on June 27, 1922, the defendants passed a resolution declaring it to be necessary and for the best interests of the inhabitants of Fort Scott that 6th street from the west line of Margrave street to the east line of Short street be graded, curbed and paved with brick; that plaintiffs and all those for whom suit was brought owned real estate in the paving district liable to pay the cost of the improvement; that the paving district contains 1,314,000 square feet; that 144,000 of such square feet was held and owned by nonresidents; that plaintiffs filed their protest in writing within the time fixed by law; that it was signed by a majority of resident owners of the city owning a majority of the resident-owned property in the benefit district liable for taxation; that notwithstanding the protest, the defendants, on January 23, 1923, passed an ordinance providing for the improvement, invited bids, and let a contract for the construction of such improvement, wherefore, plaintiffs pray an injunction.

A general demurrer by defendants to plaintiffs' petition was sustained by the trial court, and plaintiffs bring the case here.

1. It is the contention of the plaintiffs that the protest is sufficient if it is signed by a majority of the resident-owners owning a majority of the resident-owned property in the benefit district liable to taxation. The defendants contend that, before a protest is sufficient it must be signed by a majority of the resident-owners owning a majority of square feet of the lots or real estate liable to taxation therefor. The pertinent part of section 1233 of the General Statutes of 1915 reads as follows:

"When the mayor and council shall deem it necessary to curb, gutter, pave, macadamize, or grade, or recurb, regutter, repave, remacadamize, or regrade any street, lane, avenue, or alley, or any part thereof, or build or construct any sewer, within the limits of the city, for which a special tax is to be levied, such mayor and council shall by resolution declare such work or improvement necessary to be done, and such resolution may be published for six days in the official paper of the city, if the same be a daily paper, or for two consecutive weeks, if the same be a weekly, and if a majority of the resident owners owning a majority in square feet of the lots or real estate liable to taxation therefor shall not within twenty days thereafter file with the clerk of said city, their protest in writing against such improvement, then such mayor and council

McCreedy v. City of Fort Scott.

shall have power to cause such improvement to be made, and to contract therefor, and to levy taxes as provided by law, and the work may be done before, during or after the collection of the special assessment, as may be deemed proper by the mayor and council; but none of the provisions of this act shall prevent the mayor and council from grading or regrading any street, lane or alley or part thereof, and pay therefor out of the general improvement fund of such city;  .  .  .  *Provided,* That in cities of the first class having a population of over twenty-five thousand no resolution to pave, macadamize, or grade, or repave, remacadamize, or regrade any street, lane, or alley shall be valid unless a petition asking such improvement has been ordered spread upon the journal, which petition must be signed by the resident owners of not less than one-half of the feet fronting or abutting upon such street, lane or alley to be improved: *And provided further,* That the feet fronting or abutting upon such street, lane or alley owned or held by persons not resident of said city shall not be taken into account in determining the sufficiency of any such protest or any such petition. In case of paving, such petition shall state the width of the paving and the kind of material to be used.  .  .  ."

Both parties to this action appear to have proceeded upon the partly erroneous theory that, in considering the sufficiency of the protest, the square feet in the paving district owned or held by non-residents of the city should or should not be taken into account, whereas, the statute provides that only the feet fronting or abutting upon such street, held by persons, not residents of the city, shall not be taken into account. It will be noted that there are two methods for instituting proceedings under the above statute. In cities over 25,000 population the proceedings are initiated by petition. In cities under 25,000 by resolution of the city council or city commission. In the body of the act the language relating to the protest is, "and if a majority of the resident owners owning a majority, in square feet, of the lots or real estate liable to taxation therefor, shall not  .  .  .  file  .  .  .  their protest  .  .  . then such mayor and council" may proceed. In the proviso this language is used: *"Provided further,* That the feet fronting or abutting upon such street, lane or alley owned or held by persons not residents of said city shall not be taken into account in determining the sufficiency of any such protest.  .  .  ."

We are confronted with the problem of giving force and effect to these two contradictory provisions of the statute.

In *The State, ex rel., v. Mitchell,* 50 Kan. 289, 33 Pac. 104, it was stated:

"It is a uniform rule of construction that one part of a statute should be construed by other parts of the same statute so that, if possible, no clause or

part thereof shall be treated as superfluous, and this rule must especially be followed when the two are parts of the same section." (Syl.)

The language of the proviso which eliminates part of the property in the taxing district from consideration, when considering the sufficiency of the protest, is in conflict with the language in the body of the statute providing that the protest must be signed by a majority of the resident owners owning a majority of all the square feet liable for the cost of improvement. A considerable portion of the lots or real estate in the benefit district owned by nonresidents may not front or abut on the street to be improved, and according to the language of the statute such part is not excluded in ascertaining the sufficiency of the protest, but shall be taken into account the same as that owned by residents. The elimination of part of the property liable for taxation for the improvement in considering the sufficiency of the protest, as required by the proviso, automatically reduces the amount necessary to make a majority of square feet owned by those protesting. Ordinarily, nonresident owners do not have as much interest in and are not as likely to favor paving improvements as resident owners. (*Dunsworth v. City of Hutchinson,* 109 Kan. 538, 199 Pac. 89.) The legislature, except in reservation similar to the one in this statute, has recognized that fact and promulgated the rule that nonresidents may not be allowed to control when determining upon improvements of this nature. If the language of the proviso is not operative as to cities under 25,000 the effect is to count all the nonresident owners as being in favor of the improvement. We do not believe the legislature so intended. Plaintiffs forcefully argue that if it had been the intention of the legislature to count the property of nonresidents for the improvement, the nonresidents would undoubtedly have been given the right to protest. We believe a construction of the statute giving effect to the proviso for cities both above and below 25,000 the more reasonable. This view more clearly expresses the legislative intent.

2. The plaintiffs allege that the paving district contains 1,314,000 square feet; that 144,000 of such square feet is owned or held by nonresidents. There is, however, no allegation in the petition, and the record does not disclose what portion, if any, of the 144,000 square feet owned by nonresidents is fronting or abutting upon the street to be improved. It is not to be eliminated from consideration in ascertaining the sufficiency of the protest unless so fronting or abut-

ting.   There was an agreed statement of facts signed previous to the filing of the petition, wherein it was said:

"It is further agreed that if the court holds, that in determining the 'sufficiency of the protest,' the lots held or owned by nonresidents of the city shall first be deducted from the total number of square feet in the paving district, then and in such event, the protest is considered and agreed to be sufficient to defeat the improvement."

This is the only part of the agreed statement brought to this court. It affords no relief to plaintiffs' attempted statement of a cause of action.   If the entire 144,000 square feet held or owned by non-residents fronts or abuts on the street to be improved, or a sufficiently large part thereof, so that, when subtracted from the total square feet, it leaves the protesting resident owners a majority of the balance remaining, the protest would be sufficient.   This, however, is not shown.   If the petition had alleged that the protest was signed by a majority of resident owners owning a majority of square feet in the benefit district liable to taxation for the project, exclusive of the feet fronting or abutting on 6th street, owned or held by nonresidents, it would have been sufficient, and would have stated a cause of action.   Without an allegation substantially as indicated, it was insufficient, and the demurrer was properly sustained. The judgment is affirmed.

HARVEY, J. (dissenting):   The second proviso is a limitation upon the first, and both of them apply to cities of the first class, having more than 25,000 population.   This is shown by the context, by the history of the statute, and by the use of the "abutting foot" rule.   The only thing making this doubtful is the use of the word "protest" in the second proviso; but as this is a word commonly used to designate general objection to the action of city or county commissioners, it does not necessarily relate back to the protest mentioned in the first part of the section.   This construction places a fixed procedure applying to cities having less than 25,000 population, and a separate procedure applying to cities of the first class having more than 25,000 population, and is the only interpretation giving full force to the body of the section.