No. 34,823

The Iola Building and Loan Association, *Appellant*, v. The Board of County Commissioners of the County of Allen, C. O. Bollinger, J. A. MacDonald and Frank C. Miller, as Commissioners, etc., Roy Sanden, as County Treasurer, etc., *Appellees.*

(103 P. 2d 788)

Opinion filed July 6, 1940.

*G. E. Pees,* of Iola, for the appellant.

*Mitchell H. Bushey,* county attorney, for the appellees.

*Jay S. Parker,* attorney general, and *E. V. Bruce,* assistant attorney general, as *amici curiae.*

The opinion of the court was delivered by

Allen, J.: In an action for a declaratory judgment plaintiff asks for a construction of the tax moratorium law of 1939, and that the county treasurer be ordered and directed to issue to plaintiff a redemption certificate for the taxes for the year 1937 upon the real estate in question.

Allen county operates under the provisions of G. S. 1935, 79-2324 to 79-2326, under which the county treasurer is required to bid off the land without competitive bids.

The petition alleged:

"That the plaintiff is the owner or the mortgagee of several pieces of real property located in Allen county, Kansas, the taxes upon which are unpaid for the year 1938, and prior year or years.

"That on October 12, 1939, the plaintiff ascertained from the said defendant, Roy Sanden, as county treasurer of Allen county, Kansas, the amount of the taxes for the year 1938, including the interest, costs, and penalties upon (property described), which property has ever since 1934 and now belongs to plaintiff. That plaintiff on said October 12, 1939, tendered to said county treasurer, as the taxes, interest, costs and penalties for the year 1938 on said lands, the amount so ascertained, which sum was accepted by said county treasurer, and said treasurer issued to plaintiff said county treasurer's real estate redemption certificate No. 4769 therefor.

"Thereafter, and on October 12, 1939, plaintiff tendered to said county treasurer the taxes on said above-described lands for the year 1937, together with interest on said tax at six percent per annum from September 1, 1939; but did not include in said tender any penalties, costs or expenses, and did not include any interest on said taxes except said interest thereon at six percent per annum from September 1, 1939. That said 1937 taxes is the only other unpaid taxes thereon. Plaintiff alleges that under section 1, chapter 326, of the Laws of Kansas, 1939, such payment of the taxes on said lands for the year 1938 meets all the requirements provided for the remission of the penalties, costs and expenses and interest, except interest at six percent per annum from September 1, 1939, upon the taxes on said lands for the year 1937, and that said tender of the plaintiff was for the full amount due said Allen county, Kansas, on said lands for the taxes for the year 1937.

"That said Roy Sanden, as county treasurer aforesaid, refused said tender of payment of plaintiff of said taxes on said lands for the year 1937, because said plaintiff had not paid said 1938 taxes thereon before September 1, 1939."

Plaintiff prays for a declaratory judgment interpreting chapter 326 of the Laws of 1939, and that the county treasurer be ordered and directed to issue to plaintiff a redemption certificate for the taxes for the year 1937 upon the real estate in question upon payment of the taxes for 1937 with interest at six percent per annum from September 1, 1939.

The truth of the facts alleged in the petition, as above outlined, was admitted by the answer. Defendants also ask for a declaratory judgment interpreting the act of 1939, and that the relief prayed for by plaintiff be denied. Thereupon plaintiff filed a motion for judgment on the pleadings. This motion was overruled, and judgment was entered for defendants. The appeal is from this judgment.

Sections 1 and 2, chapter 326, Laws 1939, being G. S. 1939 Supp., 79-2415 and 79-2416, provide:

"That with respect to all lands bid off for taxes in the name of the county at the tax sale of September, 1938, or prior years, and now held by said

county, the owner, holder of record title, his heirs, executors, administrators, assigns or mortgagee may, at any time before September 1, 1939, the taxes due and payable November 1, 1938, having been paid, redeem said land or make partial redemption thereof by paying one or more half year's tax beginning with the first year for which said land was carried on the tax-sale book of the county, without the payment of any penalties, costs, expenses or interest which are hereby remitted. At any time before September 1, 1941, the taxes due November 1, 1938, and for subsequent years having been paid, said persons may redeem said lands or make partial redemption thereof by paying one or more one-half year's tax beginning with the first year for which said land was carried on the tax-sale book of the county without paying any penalties, costs, or expenses, which are hereby remitted and by paying interest on such back tax at the rate of six percent per annum from September 1, 1939. In case redemption as provided herein is made by a mortgage holder, the mortgagor or his assigns may redeem from such mortgage holder or his assigns upon payment of the amount of taxes paid by such mortgage holder with interest at the rate of six percent per annum from the date of redemption by such mortgage holder.

"The various county treasurers shall not issue any tax-sale certificates nor shall the various county clerks execute any tax deeds prior to September 1, 1939, for lands bid off for taxes in the name of the county: *Provided,* That with respect to all lands bid off for taxes in the name of the county at the tax sale of September, 1938, or prior years, no tax-sale certificates nor tax deeds shall be issued or executed so long as all the current taxes beginning with taxes due November 1, 1938, have been paid: *Provided,* That if such lands have not been redeemed prior to September 1, 1941, tax-sale certificates and tax deeds shall be issued and executed as provided by law: *And provided further,* That unless such current taxes have been paid, tax-sale certificates and tax deeds shall be issued as provided by law: *Provided further,* That tax deeds may be executed in those instances where compromise tax-sale certificates have been assigned prior to the effective date of this act."

As stated in the petition, the taxes for 1938 were not paid until October 12, 1939. In order to claim the remission of penalties, costs, expenses and interest on taxes for the year 1937, was it necessary to pay the taxes for 1938 prior to September 1, 1939?

Plaintiff contends that under the second sentence of 79-2415 it was not necessary to pay the 1938 taxes prior to September 1, 1939, in order to claim the remission features of the statute as to the taxes for 1937. It is asserted that to construe the statute otherwise would be equivalent to amending the second sentence to read: "At any time before September 1, 1941, the taxes due November 1, 1938, *having been paid before September 1, 1939,* and for subsequent years having been paid, *as such taxes become due,*" such lands may be redeemed, etc. It is asserted that the second sentence of the statute is complete in itself, does not conflict with any other provisions in

the act, and that there is no ground to warp its meaning by inserting, by construction, the words in italics.

It is also contended that the relief provided by the act is based on two contingencies. (1) If the owner pays his 1938 taxes at any time before or prior to September 1, 1939, then he can make redemption for the taxes of 1937, and the interest as well as the penalties, costs and expenses will be remitted. (2) But if payment of the 1938 taxes is made after September 1, 1939, and prior to September 1, 1941, and the subsequent current year's taxes have been paid, then redemption for the taxes of 1937 could be made without payment of any penalties, costs or expenses, but that interest must be paid at the rate of six percent from September 1, 1939.

The defendants contend that the benefits of the 1939 moratorium act are available only to those who paid their 1938 real-estate taxes in full prior to September 1, 1939, or at least while the taxes were current, and thereafter only to those who have kept their subsequent current taxes paid.

In construing a statute the legislative intention is to be determined from a general consideration of the whole act. Effect must be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so far as to make them consistent, harmonious and sensible. Thus, in *Judd v. Driver*, 1 Kan. 455, 464, it was said: "It is a uniform rule of construction that one part of a statute should be construed by other parts of the same statute so that, if possible, no clause or part shall be treated as superfluous, and especially when the two are parts of the same section." In *Bridge Company v. K. P. Rly. Co.*, 12 Kan. 409, 413, it was stated: "Another rule is, that a statute should be so construed that effect be given if possible to every clause and section of it." Again in *Gardenhire v. Mitchell*, 21 Kan. 83, 88, where a tax statute was before the court, it was stated: "The statutes must be so construed as to harmonize their various provisions and, so far as possible, to give reasonable effect to all." (See, also, *State, ex rel., v. Mitchell*, 50 Kan. 289, 33 Pac. 104; *McCreedy v. City of Fort Scott*, 113 Kan. 753, 216 Pac. 287; *Barrett v. Duff*, 114 Kan. 220, 217 Pac. 918.)

It is also a well-settled rule that statutes *in pari materia* are to be construed together. (*Atchison & Eastern Bridge Co. v. Atchison County Comm'rs*, 150 Kan. 24, 91 P. 2d 34.)

While the clear purpose of the moratorium act of 1939 was to give

substantial relief to property owners throughout the state whose property had been sold to the county for taxes, yet such relief was conditioned by the terms of the act.

As organized government cannot exist without revenue, the legislature was confronted with the difficult problem of giving necessary relief to the hard-pressed taxpayer, and at the same time to secure a steady flow of revenue to sustain the government. The landowner was faced with unpaid taxes and the accumulated burden of penalties, costs, expenses and interest; the legislature was compelled to provide funds to support the government. The legislative solution of the question appears to have been that if the landowner would pay the taxes of 1938 before September 1, 1939, and thereafter pay all taxes for subsequent years, the relief provided for in the act would be granted.

We think this conclusion is inevitable when a careful appraisal is made of the cognate sections of our tax statutes. The purpose of the legislature is not discovered by an examination of one sentence or one section, but by a comparison of the pertinent provisions of the various sections, and by construing them in the light of the purpose to be accomplished. For convenience we place the salient provisions in juxtaposition.

G. S. 1939 Supp. 79-2415 provides:

"That with respect to all lands bid off for taxes in the name of the county at the tax sale of September, 1938, or prior years, and now held by said county, the owner . . . may, at any time before September 1, 1939, the taxes due and payable November 1, 1938, having been paid, redeem said land or make partial redemption thereof by paying one or more half year's tax beginning with the first year for which said land was carried on the tax-sale book of the county, without the payment of any penalties, costs, expenses or interest which are hereby remitted. At any time before September 1, 1941, the taxes due November 1, 1938, and for subsequent years having been paid, said persons may redeem said lands or make partial redemption thereof by paying one or more one-half year's tax beginning with the first year for which said land was carried on the tax-sale book . . . without paying any penalties, costs, or expenses, which are hereby remitted and by paying interest on such back tax at the rate of six percent per annum from September 1, 1939. . . ."

G. S. 1939 Supp. 79-2416 provides:

"The various county treasurers shall not issue any tax-sale certificates nor shall the various county clerks execute any tax deeds prior to September 1, 1939, for lands bid off for taxes in the name of the county: *Provided,* That with respect to all lands bid off for taxes in the name of the county at the tax sale of September, 1938, or prior years, no tax-sale certificates nor tax

deeds shall be issued or executed so long as all the current taxes beginning with taxes due November 1, 1938, have been paid: *Provided,* That if such lands have not been redeemed prior to September 1, 1941, tax-sale certificates and tax deeds shall be issued and executed as provided by law. . . .''

The section pertaining to the list of unredeemed land (G. S. 1939 Supp. 79-2410) must be taken into account. As amended, that section became effective April 10, 1939. The proviso reads:

''. . . *Provided,* That prior to September 1, 1941, there shall not be included in such list any lands or town lots upon which all the current taxes, beginning with the taxes due November 1, 1938, have been paid.''

Furthermore, in the correlation of the various sections of the tax statutes to fit the moratorium acts G. S. 1935, 79-2401, fixing the period and terms of redemption, was neither amended nor repealed. That section provides:

"Any owner, his agent or attorney, may at any time within four years from the day of the sale, and at any time before the execution of the deed, redeem any land or town lot or any part thereof or interest therein, by paying to the treasurer of the county where such land was sold, for the use of the purchaser, his heirs and assigns the amount for which said land was sold, and all subsequent taxes and charges therein paid by the purchaser or his assigns in accordance with the provisions of this act, or such proportion thereof as the part or interest redeemed shall amount to, with interest at the rate of ten percent per annum on the amount of the purchase money of sale, and the same rate on all subsequent taxes paid thereon, and endorsed on the certificate of sale, as herinbefore provided, from the date of payment of same: *Provided,* That in all cases where the land was bid off by the county for which no certificate of purchase has been issued, any owner, his agent or attorney at any time before a tax deed has been issued may make a partial redemption of said land or part thereof by paying to the treasurer of the county where said land was sold the amount of one or more year's taxes beginning with the first year for which said land was sold, together with ten percent interest from date said land was sold; and upon such partial redemption as herein provided the date when a tax deed may be issued shall be extended by the number of years paid in such partial redemption."

If the second sentence of G. S. 1939 Supp. 79-2415 be considered separate and apart from its context, then it must be conceded that when the plaintiff paid his 1938 taxes on October 12, 1939, the benefits of the act would accrue. But the meaning of the language is to be derived from reading the moratorium act as an entirety. Each sentence and paragraph is a single element in one whole. It is reasonable to infer that their complementary or modifying force upon each other was intended by the legislature, and this inference must be given effect by the court. When the clauses and para-

graphs read seriatim involve repugnancies, but, read as mutually modifying one another, permit a construction as a consistent whole, the latter construction must be adopted. We may not assume the legislative purpose found expression in the second sentence of the section to the exclusion of the first sentence. Neither is the court, consistent with the settled rules of construction, permitted to ignore statutes *in pari materia*.

It is to be observed that while the statutes use the phrase "current taxes," no exact definition of these words is given. While we find it unnecessary to attempt an accurate definition of these words for all purposes, it seems clear that the payment made by the plaintiff on October 12, 1939, was not in payment of current taxes. On the first Tuesday in September, 1939, the land of the plaintiff had been sold for the 1938 taxes. The payment on October 12, 1939, was not, therefore, in payment of taxes, but was a redemption, and this was recognized in the petition, where it is alleged the county treasurer issued to the plaintiff the redemption certificate. It would seem that the payment so made should have been applied as specified in G. S. 1935, 79-2401.

In short, if the taxes due and payable November 1, 1938, were paid prior to September 1, 1939, the premium offered the landowner was that he could redeem the land bid off by the county at the tax sale of September, 1938, or prior years, without the payment of any penalties, costs, expenses or *interest*.

But if the taxpayer could not make redemption before September 1, 1939, a further concession was made. Upon the condition precedent that the taxes due November 1, 1938, and subsequent years were paid, then he could redeem his land, or make partial redemption, at any time before September 1, 1941. In such case the premium offered the taxpayer was that the penalties, costs and expenses would be forgiven, but not the *interest*.

Two proposals were open to the taxpayer. To avail himself of either, the taxes due and payable November 1, 1938, must have been paid prior to September 1, 1939. This is the conclusion reached by the trial court in a careful memorandum opinion filed in the case. We concur in the views expressed therein.

As the plaintiff did not meet the conditions of the statute, the judgment must be affirmed. It is so ordered.