No. 35,583

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellant,* v. E. R. ADAMS et al., *Appellees* (GRANITE BITUMINOUS PAVING COMPANY, MUNICIPAL SECURITIES OWNERSHIP TRUST, HOMESTEAD INVESTMENT COMPANY, INC., BROWN BROTHERS CONSTRUCTION COMPANY, THE KANSAS CITY, KANSAS, INVESTMENT TRUST and E. E. HUMPHREYS, *Intervenors*).

(123 P. 2d 818)

Opinion filed March 23, 1942.

*Joseph H. McDowell,* county attorney, and *Thomas E. Joyce,* assistant county attorney, argued the cause, and *Harold H. Harding,* assistant county attorney, was on the briefs for appellant.

*N. E. Snyder* and *S. M. Terbovich,* both of Kansas City, argued the cause, and *E. S. McAnany, T. M. Van Cleave* and *P. W. Croker,* all of Kansas City, were on the briefs for appellees.

*Reginald H. Glandon,* of Kansas City, was on the briefs for intervenors.

The opinion of the court was delivered by

ALLEN, J.: This was an action instituted in the name of the board of county commissioners of Wyandotte county to foreclose the general lien for general taxes upon 350 odd tracts of real estate upon which taxes were delinquent for more than five years. The various tracts had been bid in by the county for delinquent taxes and had been held by the county for the period prescribed by law.

Included in the action were a number of tracts against which the city of Kansas City had issued special tax bills to pay the cost of special improvements. The holders of these special tax bills were made parties defendant under and by virtue of G. S. 1935, 79-2801, which requires all persons having or claiming to have any interest in the land to be joined as parties defendant.

The defendants, holders of special tax bills, filed separate answers

in which were set forth the various tax bills held by each defendant, and in each answer it was alleged that lien of the special tax bills was concurrent with the lien of the plaintiff. .

The defendant Dan Scherrer Construction Company prayed judgment in accordance with facts set forth in its answer. The defendant Spitcaufsky prayed for judgment for the amounts due him and that the same be made a separate lien upon property covered by his tax bill.

The answer of the defendant General Securities Comporation was in part as follows:

"4. Further answering, defendant General Securities Corporation, Inc., states that said lien described in paragraph 3 is made a lien until paid by the statute and ordinance of Kansas City under which it was issued and by the terms of said special tax bill itself; and if plaintiff is permitted to foreclose its lien for general taxes and exclude the lien of this defendant in the event sufficient proceeds are not realized from the sale following said foreclosure, then said foreclosure and sale would result in a violation and impairment of the obligations of this defendant's contract contrary to the provisions of section 10 of article I of the constitution of the United States; and contrary to and in violation of the rights guaranteed by the 14th amendment to the constitution of the United States.

"5. Further answering, defendant General Securities Corporation, Inc., states that the amount due under and by virtue of said special tax bill is to be paid in ten equal annual installments of $27.40 each, but that only nine of said installments have matured and defendant has not exercised its option to declare the entire amount of said special tax bill due and payable and it cannot be compelled to exercise "that option or to foreclose its lien for the entire amount due without impairing the obligations of its contract contrary to section 10 of article I of the constitution of the United States; and contrary to and in violation of the rights guaranteed by the 14th amendment to the constitution of the United States.

. . . . . . . . . . . . . . . .

"8. Further answering, defendant General Securities Corporation, Inc., states that said laws under which said special tax bills were issued guaranteed to the holder thereof an equality of lien concurrent with the lien of general taxes and superior to all other liens and that the lien secured by the special tax bill should continue to exist until the amount due should be fully paid and there can be no impairment of the obligation of that contract contrary to the provisions of section 10 of article I of the constitution of the United States or contrary to or in violation of the 14th amendment to the constitution of the United States, either by selling and conveying said real property free and clear of all liens and encumbrances even though the amount due this defendant is not paid; or by compelling this defendant to foreclose the lien which it has not exercised its option to declare due; or in any other way.

. . . . . . . . . . . . . . . .

"Wherefore, having fully answered, defendant General Securities Corpora-

tion, Inc., demands judgment that neither its liens nor the obligations of its contracts be impaired; that if said property be sold to satisfy plaintiff's lien that said property be sold subject to the lien of this defendant; that if said property be sold and deeds issued therefor by the sheriff, that said deeds convey the property to the purchaser subject to the liens of this defendant; that this defendant have and recover its costs; and that it be given such other and further relief as to the court shall seem equitable and just."

The answer of the defendant J. A. Tobin Construction Company was in substance the same as the answer of the General Securities Corporation.

A trial was had resulting in a judgment which recited:

"It is further considered, ordered, adjudged and decreed, that each special tax bill set out in the answer of each defendant and as hereinbefore described and set forth is a lien upon the property described therein for the amount thereof and the interest thereon until paid, which lien is superior to all other liens except the lien for general taxes and is concurrent with the general tax lien and that said lien of said special tax bill shall not be diminished, extinguished or impaired by the foreclosure of plaintiff's concurrent lien for general taxes, except that the amount of the lien shall be reduced by the amount paid thereon when the proceeds of the Sheriff's Sale, if any, are divided prorata between the holders of the special tax bills and the plaintiff; and any conveyance of any real property so sold shall be subject to the lien of all special tax bills for any balance due thereon until paid."

The appeal is from the ruling and judgment so rendered. The question presented is whether the lien of the special tax bills for accrued installments is extinguished by foreclosure of the lien for general taxes if the proceeds of the resulting sale are not sufficient to satisfy all liens. (For other phases of this litigation, see *State v. Wyandotte County Comm'rs*, 154 Kan. 222, 118 P. 2d 591; *Wyandotte County Comm'rs v. Adams*, 154 Kan. 233, 117 P. 2d 760.)

Our statute, G. S. 1935, 13-1079, provides:

". . . Said special tax bills when so issued shall be a lien upon the property described therein for the amount of the said special assessment and interest thereon until paid, which lien shall be superior to all other liens excepting the lien for general taxes, and shall be concurrent with such general tax lien, . . ."

G. S. 1935, 79-2804, provides that the sheriff's deed under the foreclosure sale "shall vest in the purchaser or grantee therein named, as against all persons, parties to such proceedings, a fee-simple title thereto; . . ."

It is contended that the provision in section 13-1079 that the special tax bills when issued shall be a lien on the property "until

paid" determines the controversy and compels an affirmance of the judgment.

In construing a statute the legislative intention is to be determined from a general consideration of the whole act. Effect must be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so far as to make them consistent, harmonious and sensible. Thus, in *Judd v. Driver,* 1 Kan. 455, 464, it was said: "It is a uniform rule of construction that one part of a statute should be construed by other parts of the same statute so that, if possible, no clause or part shall be treated as superfluous, and especially when the two are parts of the same section." In *Bridge Company v. K. P. Rly. Co.,* 12 Kan. 409, 413, it was stated: "Another rule is, that a statute should be so construed that effect be given if possible to every clause and section of it." Again in *Gardenhire v. Mitchell,* 21 Kan. 83, 88, it was stated: "The statutes must be so construed as to harmonize their various provisions and, so far as possible, to give reasonable effect to all." (See, also, *State, ex rel., v. Mitchell,* 50 Kan. 289, 33 Pac. 104; *McCreedy v. City of Fort Scott,* 113 Kan. 753, 216 Pac. 287; *Barrett v. Duff,* 114 Kan. 220, 217 Pac. 918.)

It is also a well-settled rule that statutes *in pari materia* are to be construed together. (*Atchison & Eastern Bridge Co. v. Atchison County Comm'rs,* 150 Kan. 24, 91 P. 2d 34.)

The purpose of the legislature is not discovered by an examination of one sentence or one section, but by a comparison of the pertinent provisions of the various sections, and by construing them in the light of the purpose to be accomplished. (*Iola B. & L. Ass'n v. Allen County Comm'rs,* 152 Kan. 365, 103 P. 2d 788.)

Defendants frankly admit the "until paid" clause is inconsistent with the provision in section 79-2804, which specifies that the sheriff's deed shall vest in the purchaser a fee-simple title. Appellees would reconcile the conflict in these statutes by eliminating the fee-simple title provision from the latter section.

It will be observed that the same clause in section 13-1079 which states the lien of the special tax bill shall continue until paid also specifies that such lien shall be concurrent with the general tax lien. It gives the lien of the special tax bill the same rank and dignity as the lien for general taxes. The remedies provided by the statute for the foreclosure of the special assessments and the general tax are concurrent. But the lien of the special assessment is concurrent, not

superior—it has equality, not priority. Under the judgment of the trial court quoted above any conveyance of real property by the sheriff upon the foreclosure sale "shall be subject to the lien of all special tax bills for any balance due thereon until paid." This conclusion not only nullifies the provision that the purchaser at the sheriff's sale shall receive a fee-simple title, but translates the "concurrent" clause into a "priority" provision.

The statutes must be so construed as to harmonize their various provisions, and, so far as possible, to give reasonable effect to all. As above stated, section 79-2801 provides that in actions to enforce the liens all persons having or claiming to have any interest in the property must be joined, and section 79-2804 states that the sheriff's deed shall vest in the purchaser a fee-simple title. These provisions show the legislative purpose to extinguish all liens and pass a clear and unencumbered title to the purchaser. The lien of the special tax bills was made concurrent with the lien of the general tax. To hold that the lien of such tax bills should continue after foreclosure and sale would not only give such liens priority over the general tax but would clog the title for an indefinite period of time. The defendants filed their answers and prayed for judgment. We think the judgment of the court should have recited that the liens of the special tax bills were extinguished by the judgment and that the sheriff's deeds hereunder would pass a fee-simple title free and clear of all liens and encumbrances to the purchaser or purchasers.

As the laws now in force were in force when the special tax bills were issued and acquired by defendants, and as defendants have not been deprived of their property without due process of law, the contention that the judgment in foreclosure extinguishing the liens of defendants would violate any provisions of the constitution of the United States is without merit.

That portion of the judgment holding that the lien of the special tax bills maturing in or prior to the year 1939 is not extinguished but continued until paid is reversed, and the cause remanded with directions to modify the judgment in accordance with views herein expressed.

HOCH, J., not participating.