THE CITY OF KANSAS CITY *et al.* v. JOHN GIBSON *et al.*

No. 12,014.   (72 Pac. 222.)

SYLLABUS BY THE COURT.

1. TAXATION — *Sewers—Act·Constitutional.* The statute authorizing assessments on city lots to pay for the construction of sewers (Gen. Stat. 1901, § 740) does not provide for charging the cost of the same on property not specially benefited, and is not unconstitutional.

2. ———— *Limitation of Action.* At attack on the validity of such assessments must be made within thirty days after the ascertainment of the cost of the improvement. In computing the time within which the action may be brought, the day on which the assessment is ascertained and apportioned is to be included.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed April 11, 1903.   Reversed.

*T. A. Pollock*, city counselor, and *M. J. Reitz*, city attorney, for plaintiffs in error.

*Alden & McFadden*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : In this case the trial court enjoined the enforcement of assessments·made on real estate in Kansas City for the construction of a sewer.   The

sewer was constructed under proceedings had and a contract made in 1895. The cost of the improvement was ascertained and apportioned to the several lots and parcels of ground within the sewer district on December 21, 1895, by an ordinance which was approved and published on that date. A number of property-owners challenged the validity of the assessments in an action brought on January 20, 1896, but after it had been pending for more than a year they caused it to be dismissed without prejudice. Later the same parties, together with a large number of others, joined in the commencement of this action, alleging irregularities in the preliminary proceedings, illegality in the contract for construction, and that the statute under which the assessments were made was invalid.

The court held the assessments to be invalid, and it is said in argument that the decision was placed upon the ground that the statute under which they were made imposed a special burden upon the real estate without regard to the special benefits conferred, and was therefore invalid. It is also said, and not denied, that the court was largely influenced by the decision in *Norwood v. Baker*, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, which had been announced a short time before the determination of this case. Language was used in that opinion which gave some reason for the interpretation placed upon it; but later cases in the same court leave no doubt of the court's position. In these it was held to be within the power of the legislature to create taxing districts and charge the cost of a local improvement upon the property in the district, either according to valuation or to superficial area or frontage. (*Webster v. Fargo*, 181 U. S. 394, 21 Sup. Ct. 623, 645, 45 L. Ed. 912; *French v. Barber*

*Asphalt Paving Co.*, 181 id. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; *Chadwick v. Kelley*, 187 id. 540, 23 Sup. Ct. 175.   These authorities are in line with those previously made in this state, holding the statutory plan to be valid.   (*Gilmore, County Clerk, v. Hentig*, 33 Kan. 156, 173, 5 Pac. 781 ; *Mason v. Spencer, County Clerk*, 35 id. 512, 11 Pac. 402.)

The statute does not contemplate that property outside the district and not along the line of the improvement shall be assessed ; nor that an assessment may be made upon any property without regard to the proportion of benefit resulting from the improvement. Nothing in the statute affords reason for the contention that the benefits resulting from this improvement shall not be substantially commensurate with the burdens imposed.   Absolute and exact equality in the matter of apportionment is not expected or required.   It was said in *Mason v. Spencer*, supra :

"In cases where all the lots taxed are actually benefited by the sewers, we think that such an apportionment of the taxes must be held to be legal and valid, although in some few instances, on account of peculiar circumstances or mistakes in the appraisement of the lots, some one or more of the lot-owners may have to pay more of the cost of the construction of the sewers than is fairly his or their proportion to pay.   Absolute and exact justice in such cases can never be attained.   In all cases some persons will be required to pay slightly more, and some slightly less, than their fair proportion."

Under the rules stated and the authorities cited the statute is valid, and in holding otherwise the trial court erred.

The other objections relate merely to the preliminary proceedings and are largely settled by the agreements of the parties ; and, further, on account of the

neglect of the lotowners, such objections are not available to them. Among other things, it is expressly admitted that this action was not brought within thirty days of the time when the assessments were ascertained and apportioned. The statute limits the time within which attacks may be made on special assessments to a period of thirty days from the time the assessment is ascertained, and the neglect of the property-owner to bring a proceeding either to set aside the assessment or to enjoin the making of the same, within the statutory time, is a bar to these remedies. (Gen. Stat. 1901, § 766; *Wahlgren v. Kansas City*, 42 Kan. 243, 21 Pac. 1068; *City of Topeka v. Gage*, 44 id. 87, 24 Pac. 82; *Doran v. Barnes*, 54 id. 238, 38 Pac. 300; *Kansas City v. Gray*, 62 id. 198, 61 Pac. 746.)

As has already been stated, a suit was previously brought for the same purpose, but only a part of those bringing this action were parties to that one. Even if this could be deemed a continuation of the first action it would not avail the defendants. That action was not brought until January 20, 1896, and the cost of the sewer was ascertained and apportioned on December 21, 1895. If the day on which the cost of the improvement is ascertained and the ordinance passed is to be counted, the action was not brought within thirty days. The rule for the computation of time is that, where such computation is to be made from an act done, the day on which the act is done is to be included. (*Dougherty v. Porter*, 18 Kan. 206; *Coal Co. v. Barber*, 47 id. 29, 27 Pac. 114, and cases cited.) Including the day on which the cost of the sewer was ascertained, the first action was not brought until the thirty-first day. Much of the testimony, therefore,

·with reference to the legality of the proceedings lead-
ing up to the assessment was incompetent. ·

For the reasons stated the judgment will be reversed,
and the cause remanded for further proceedings.

All the Justices concurring.