THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON v. THE CITY OF OSKALOOSA.

No. 16,122.

SYLLABUS BY THE COURT.

COURT-HOUSE SQUARE—*Dedication*—*County Liable for Local Assessments.* Where a block in a town plat is designated as a "public square," and in the certification to the plat the streets, alleys and the square designated on the plat are dedicated to the use of the public and to the town, the legal title to the public square vests in the county; and where a county takes possession of such square by building a court-house thereon, and continuously occupies the square for more than forty years, the county is liable for the payment of an assessment made by an ordinance of the city for the cost of macadamizing and curbing the streets abutting upon the public square.

Error from Jefferson district court; MARSHALL GEP-
HART, judge. Opinion filed July 3, 1909. Affirmed.

*Phinney & Raines,* and *Daniel L. Stanley,* for the
plaintiff in error.

*Henry Keeler,* city attorney, and *D. H. Morse,* for
the defendant in error.

The opinion of the court was delivered by

SMITH, J.: The city of Oskaloosa, in Jefferson
county, was platted in 1859. Two men owned the land
embraced in the limits, and the dividing line ran
through the middle of the plat and of a block designated
on the plat as the "public square." They organized
themselves and perhaps others into what was called
"The Town Company of the Town of Oskaloosa." One
of the proprietors, as president of the town company,
certified and acknowledged the plat, which was re-
corded, and in the dedication recited:

"And I do by these presents dedicate the streets,
alleys and square designated on the said within plat to
the use of the public and of the town of Oskaloosa
aforesaid, and to no other use or purpose whatever."

The other land proprietor did not certify or acknowl-
edge the plat or dedication, but proceeded to sell lots
and blocks on the portion of the town laid on his land
in accordance with the plat and in every way treated
the plat as if made by himself.

Oskaloosa was not then the county-seat of Jefferson
county. About 1867 Oskaloosa was made the county-
seat, and the county soon thereafter built a court-house
in the block designated as the "public square," and
thereafter, and for more than forty years before the
bringing of this action, continuously occupied the
square for county purposes. Some time after the court-
house was built the county built a substantial jail on the
square.

About twenty years before this controversy arose,

the original proprietor who did not sign the plat having died, his heirs brought suit against the county to recover the portion of the square which belonged to him, or the possession thereof, and on trial of that action the judgment was in favor of the county. The record in that action was introduced in evidence, but the abstract does not contain the pleadings or a statement of the contents thereof and we are unable to determine what issues were litigated in that case. It is contended, however, on the part of the city that the county in that action claimed title and right of possession.

This controversy arose over the enactment of an ordinance by the city requiring the curbing and macadamizing of certain streets therein, including the streets bordering upon this square. The city paid the cost of such macadamizing around the square, and passed an ordinance assessing one-half of such cost to the county and presented a bill for the same to the board of county commissioners, which bill the commissioners refused to allow. The city appealed from the decision of the commissioners to the district court. The trial in the district court to a jury resulted in a verdict and judgment in favor of the city.

Numerous objections to the introduction of evidence and to the giving of certain instructions and the refusing of others requested are made and argued. We have examined all these objections so far as they are fairly presented in the abstract and are unable to discover any material error therein against the county. Indeed, we think upon the evidence presented the court might well have instructed the jury to return a verdict in favor of the city. This case is in all respects analogous to *Comm'rs of Franklin Co. v. City of Ottawa*, 49 Kan. 747, except that in that case the square upon which the court-house was located was marked upon the plat "court-house square." In this case, while the original platting of the city was irregular, it was acquiesced in and acted upon by all parties interested

and the rights of the successors in interest to the proprietor who did not certify the plat appear to have been extinguished by the adjudication twenty years ago. It must therefore be held that the plat was a sufficient conveyance to vest in the county the fee of the park, which, as well as the streets and alleys, was dedicated to the public use.

The right of the county to the use of the square for court-house purposes is not in issue in this action. Its right to the use of one-half of the square, at least, seems to have been adjudicated in its favor twenty years ago, and after enjoying the use of the square for forty years, and by its possession asserting its right to continue such use, the county is not in good position to assert that it has no right to the possession of the square. For the purposes of this case we may say that as the county has the legal title to and the possession of the park, and, as its right to continue in possession in the future is not drawn in question, it has such an ownership in the block as to give the city a right to make the special assessment against it for the improvements to the abutting streets.

All other objections which can be made to the assessment for the improvements against the county and for the recovery of judgment for the same are fully answered favorably to the city in *Comm'rs of Franklin Co. v. City of Ottawa, supra.*

The judgment is affirmed.