No. 19,096.

THE CITY OF WICHITA, *Appellee,* v. THE BOARD OF EDUCATION OF THE CITY OF WICHITA, *Appellant.*

SYLLABUS BY THE COURT.

1. SCHOOL PROPERTY—*Not Exempt from Special Assessments for Improvements. Comm'rs of Franklin Co. v. City of Ottawa,* 49 Kan. 747, 31 Pac. 788, followed, and held that by section 1 of article 11 of the constitution school property is not exempt from special assessments for public improvements.

2. SAME—*City May Maintain Action to Recover Such Special Assessments.* A city of the first class may maintain an action against the board of education of such city to recover special assessments levied against school property for improvements.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 7, 1914. Affirmed.

*S. B. Amidon, Jean Madalene,* and *D. M. Dale,* all of Wichita, for the appellant.

*Earl Blake,* city attorney, and *R. C. Foulston,* assistant city attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The city sued the board of education to recover certain special assessments levied against school property for improvements, including pavements, sewers and drainage. The defendant demurred to the petition; the demurrer was overruled. Electing to stand upon its demurrer the defendant appeals.

The principal question, as we view it, is whether property held by the school board for school purposes is subject to the payment of special assessments. The defendant prefers to state the question in the followin form:

"May a city amerce its own property by special assessments in contravention to a legislative inhibition providing that no property held by a school board for a city, 'shall be taken in any manner for any debt due from the city' or may a man sue himself?"

The defendant apparently starts with the assumption that special assessments levied upon property benefited is a tax and that the action is in conflict with the constitution and the statutes. The constitutional provision is:

"The legislature shall provide for a uniform and equal rate of assessment and taxation; but all property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, . . . shall be exempted from taxation." (Art. 11, § 1.)

The statute declares "all property held by the board of education for the use of public schools shall be exempt from taxation, and shall not be taken in any manner for any debt due from the city." (Gen. Stat. 1909, § 7579.)

Since *Hines and others v. The City of Leavenworth and others,* 3 Kan. 186, this provision of the constitution has been held not to apply to special assessments. See cases and authorities cited in *Comm'rs of Franklin Co. v. City of Ottawa,* 49 Kan. 747, 31 Pac. 788, where

it was held that a city of the second class has the power to levy special assessments for improvements of a street in front of a courthouse square in the city, and this without the consent of the board of county commissioners, and where a claim for such improvements is disallowed the district court may allow it on appeal and the judgment must then be paid as other judgments against a county. In the case of *Jefferson County v. Oskaloosa*, 80 Kan. 587, 102 Pac. 1095, the county was held liable for the payment of an assessment levied by the city for the cost of paving and curbing streets abutting on the public square.

The language of the statute which declares that property held by the board of education shall not be taken in any manner for any debt from the city has no bearing upon this question. By this action to recover the costs of the special assessments the property of the school board is not sought to be taken in any manner. On the contrary, the purpose is to hold the school board for the debt due to the city from the board. The language of the statute was intended to prevent a creditor of the city from taking property belonging to the school board to satisfy his debt. No property held by the school board is to be "taken." The formal assessment of the costs of the improvements against the property is merely a convenient and the only method for ascertaining the amount which the board shall pay. The school property is not subject to sale to satisfy the judgment; that will be provided for by a levy made by the board upon all property subject to taxation within the school district.

The contention that there is an implied exemption of property used exclusively for certain purposes from liability to special assessments for local improvements has been decided against the defendant in the Franklin county case, *supra*. In fact, the precise question involved here was touched upon by way of argument in

the opinion in that case, where the court used this language:

"We do not think that the phrase in ¶ 790, Gen. Stat. of 1889, concerning 'the taxable property chargeable therewith' restricts a city from levying special assessments or taxes upon public grounds, because, if construed as is claimed by counsel for Franklin county, then all the property used exclusively for literary, educational, scientific, religious, benevolent and charitable purposes will also be exempt from the levy or payment of special assessments or taxes. This is contrary to the general view held by the profession, and is opposed to the practice prevailing in the cities. While such property is exempt from taxation, under § 1, article 11, of the constitution, it is not exempt from special assessments or taxes for the improvement of streets or sidewalks." (p. 756.)

A large part of the argument of counsel rests upon the false assumption that the board of education is the city of Wichita, and that they are not separate and distinct entities. The school district in all cities of the first class may, and very frequently does, extend to property lying outside the city limits. Such property may be attached to the city for school purposes, and when so attached "compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and bear its full proportion of all expenses incurred in . . . maintaining the schools of said city." (Laws 1911, ch. 93, § 1.) Nor does the fact that the board holds the title to school property as trustee prevent it from being sued to recover the assessments. The title to church property and that owned by literary, scientific and benevolent societies is usually held in the same manner, but the property is not exempt from such assessment.

Every contention raised by the defendant has been settled and determined against it by the decisions to which we have referred. The demurrers were properly overruled, and the judgment is affirmed.