No. 23,462.

SARAH DUNSWORTH and EMMETT HUTTON, *Appellants,* v. THE CITY OF HUTCHINSON et al., *Appellees.'*

### SYLLABUS BY THE COURT.

PAVING STREET—*Petition Therefor—Board of Education Not a Competent Signer—Injunction.* Under a statute requiring a petition for the paving of a street to be signed by the resident owners of one-half the property fronting upon it, the board of education, whose jurisdiction covers the city and certain attached territory, is not made a competent signer by virtue of one of its school sites abutting thereon.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 9, 1921. Reversed.

*Carr W. Taylor, John Connaughton,* and *Walter F. Jones,* all of Hutchinson, for the appellants.

*Lew E. Clogston,* of Wichita, and *Eustace Smith,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: Sarah Dunsworth and Emma Hutton brought this action seeking to enjoin the city commissioners of Hutchinson from proceeding with the paving of a street. They were denied relief, and appeal.

The case involves the interpretation of the statute providing that in cities of the first class having a population of over 25,000 no resolution to pave a street shall be valid without a petition asking such improvement "signed by the resident owners of not less than one-half of the feet fronting or abutting upon such street." (Gen. Stat. 1915, § 1232.) The peti-

tion in the present case met that requirement only by classifying the board of education of the city of Hutchinson as a "resident owner" and counting its signature to the petition by virtue of school premises fronting upon the street to be paved. This court has already held that the county cannot be regarded as a resident owner within the meaning of a similar statute in such sense as to authorize the frontage of the courthouse upon a street to be included in a computation of the total amount of property of resident owners liable to taxation for its improvement. (*Osborne County v. City of Osborne,* 104 Kan. 671, 180 Pac. 233.) While three justices dissented from that decision there is no occasion to reëxamine the question there passed upon. The matter is merely one of statutory construction, and if the view adopted does not result in a rule which is satisfactory to the legislature, that body can readily, by amendment, establish another. There is little basis for a distinction between that case and this. It is true the territorial jurisdiction of the public corporation known as the board of county commissioners extends over the whole county, while that of the board of education extends only over the city and territory attached for school purposes, but the difference in this regard does not appear vital. Moreover the board of education is nearly allied to the city itself—it is in a sense the city as organized for school purposes—it represents the public of the city in that matter and its request for the proposed improvement would be more or less akin to that of the city commission itself.

"Residence is an attribute of a natural person, and can be predicated of an artificial being only by a more or less imperfect analogy. Whether a corporation is to be considered a resident of a particular place by virtue of its doing business there, depends entirely upon the connection in which the question arises. Where the problem is one of statutory construction it must be solved in the light of the purposes of the act." (*Kimmerle v. City of Topeka,* 88 Kan. 370, 372, 128 Pac. 367.)

"But a corporation is neither a resident nor an inhabitant within the meaning of a statute, where it is not within the purpose and intent of the statute." (14 C. J. 67.)

In committing the question whether or not a street should be paved to the resident owners of abutting property, and allowing no voice in the matter to nonresidents whose property would be affected in the same way and be equally subject to assessment to pay for the cost, the legislature clearly intended

a distinction based upon the different attitude toward the matter of one who in addition to his interest in the increased value of his holdings would presumably be actuated by what may be described as personal considerations growing out of the fact of his residence. It is difficult to conceive these considerations as applicable to a corporation at all, and especially to a public corporation—a body existing for purely governmental purposes. Adhering to the view announced in the earlier case we hold the same principle to be applicable here and to require a decision that the board of education was not a competent signer of the petition for the paving.

A number of other objections are made to the proceedings for paving the street, but it will be unnecessary to pass upon them because the conclusion already reached requires the granting of the injunction asked.

The judgment is reversed, and the cause is remanded with directions to render judgment for the plaintiffs.