No. 24,114.

L. C. BROWN et al., *Appellants,* v. WALLACE HAMILTON et al., as the Mayor and Council of the CITY OF NICKERSON, *Appellees.*

SYLLABUS BY THE COURT.

STREET IMPROVEMENTS—*Petition Therefor—Certain Religious and Benevolent Corporations are Resident Property Owners.* The proceedings examined, and *held,* certain religious and benevolent corporations were resident property owners, within the meaning of the statute relating to street improvements in cities of the second class.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed June 10, 1922. Reversed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellants.

*Walter F. Jones,* of Hutchinson, for the appellees; *A. C. Malloy, R. C. Davis,* and *W. F. White,* all of Hutchinson, of counsel.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the issuance of bonds to pay for street improvements in the city of Nickerson, a city of the

second class. The relief prayed for was denied, and the plaintiffs appeal.

The Christian church and the Baptist church are religious corporations owning property fronting on the street to be improved. The G. A. R. Hall Association and the I. O. O. F. lodge are corporations organized for benevolent purposes, and own property fronting on the street to be improved. The secular affairs of the religious corporations are controlled by a board of trustees, in whom title to all property of the corporation vests. The corporations as such have the general privileges of corporations to the extent necessary for transaction of ordinary affairs, and to the extent necessary to accomplish their corporate purposes. The benevolent corporations have similar privileges. Title to their property vests in the corporations, whose affairs are managed by boards of directors or trustees. The question is whether these corporations are resident property owners, within the meaning of the statute relating to street improvements in cities of the second class, the cost of which is chargeable to abutting property. (Gen. Stat. 1915, § 1764.) In strictness, residence is an attribute of natural persons, but a corporation is treated as a person and as a resident of a locality for many legal purposes, and the question is one of statutory interpretation.

This court has held that public corporations, in one case a county and in another a board of education, are not residents of taxing districts, within the meaning of the statute. (*Osborne County v. City of Osborne*, 104 Kan. 671, 180 Pac. 233; *Dunsworth v. City of Hutchinson*, 109 Kan. 538, 199 Pac. 89.) In the case of *Kimmerle v. City of Topeka*, 88 Kan. 370, 128 Pac. 367, it was held the Rock Island Railway Company was not a resident of the city of Topeka, and the corporation, being a unit, had no residence outside the city of Chicago, within the meaning of the statute. In the Osborne county case, three justices dissented, holding the locality of the corporate organization was at the county seat, and because the board of county commissioners had statutory authority to manage the business interests of the county, none of which is more important than protection of property from imposition of financial burdens, the corporation should be considered a resident of the county seat. In the Dunsworth case it was said:

"In committing the question whether or not a street should be paved to the resident owners of abutting property, and allowing no voice in the matter to nonresidents whose property would be affected in the same way and be

equally subject to assessment to pay for the cost, the legislature clearly intended a distinction based upon the different attitude toward the matter of one who in addition to his interest in the increased value of his holding would presumably be actuated by what may be described as personal considerations growing out of the fact of his residence. It is difficult to conceive these considerations as applicable to a corporation at all, and especially to a public corporation—a body existing for purely governmental purposes." (*Dinsworth v. City of Hutchinson,* 109 Kan. 538, 539, 199 Pac. 89.)

It is not difficult to administer statutory provisions which do treat corporations as having local habitations. Perhaps the legislature made the distinction between residents and nonresidents in this statute, not on account of the intangible nature of corporations, but to avoid inconvenience and delay in initiating and consummating street-improvement enterprises. The court could not be charged with employing an inappropriate metaphor if it were to speak of the properties in question as church and lodge homes, to which members resort as the vital centers and seats of fellowship for purposes bearing a distinct relation to the civic life of the community, and from which the spiritual and benevolent activities of the societies radiate. The interest of the corporations in inviting or opposing special assessments for improvement of the abutting street, and the power of their trustees to act in respect to such subjects, is unquestioned, and the court holds the corporations are resident property owners, within the meaning of the statute.

Counting these corporations as resident property owners, the petition which was the foundation of the improvement proceeding was not signed by a majority of those whose signatures were necessary to authorize the mayor and council to make the improvement.

The judgment of the district court is reversed, and the cause is remanded with direction to grant the injunction.