No. 27,677.

R. A. PALMER et al., *Appellants*, v. J. A. MUNRO, as Mayor, etc., LEVI
STRICKLAND et al., as Councilmen of the City of Medicine Lodge,
*Appellees*.

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Street Improvements—Sufficient Declaration of
Necessity*. A declaration in a resolution passed by the governing body of
a city that the mayor and council "deem it advisable and do hereby de-
clare it necessary" to make the improvement, is a sufficient determination
and declaration of necessity under R. S. 12-602.

2. SAME—*Street Improvements—Determination of Necessity Not Reviewable*.
The discretion and power of determining whether such necessity exists is
vested in the governing body of the city and is not one for the courts.

3. SAME—*Street Improvements—Sufficiency of Protest—Public Grounds Taken
Into Account*. In determining the sufficiency of a protest against a pro-
posed local improvement filed by resident owners of property in the assess-
ment district, the public grounds owned and used by the city and the school
district must be taken into account since such grounds are subject to the as-
sessments for the improvement.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed
April 9, 1927. Affirmed.

*Samuel Griffin* and *W. E. York,* both of Medicine Lodge, for the appellants.

*J. N. Tincher,* of Hutchinson, *A. L. Orr* and *R. W. MacGregor,* both of
Medicine Lodge, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by citizens of Medicine
Lodge to enjoin the mayor and council of that city from the grading
and paving of a part of Main street in that city. A restraining
order was first issued, but the injunction was finally denied and
plaintiffs appeal.

The initial step taken by the city council was the passage of an
ordinance declaring it to be necessary to improve the street. After
the adoption and publication of the resolution the resident owners
of property in the assessment district filed a protest against the
making of the improvement but upon an examination by the mayor
and city council it was determined that it was insufficient, in that it
was not signed by the resident owners of one-half of the property

Municipal Corporations, 28 Cyc. pp. 955 n. 98, 978 n. 37, 990 n. 68, 1117 n. 65,
1118 n. 70.

liable to be assessed for the improvement. The city authorities were proceeding to improve the street when the restraining order was issued at the instance of the plaintiffs. Upon the pleadings as well as upon the statements and concession of counsel, the court decided that grounds for the injunction asked did not exist and accordingly gave judgment for defendants.

The first question raised by plaintiffs is as to the sufficiency of the resolution by which the pavement proceedings were initiated. It is contended that it falls short of a finding by the authorities that the improvement was necessary. The statute under which the action was taken provides among other things that:

"Whenever the governing body of any city shall deem it necessary to grade, regrade, pave, repave, curb, recurb, gutter, regutter, macadamize, remacadamize or otherwise improve any street, avenue, or any part thereof, for which a special tax is to be levied, as herein provided, said governing body shall by resolution declare such work or improvement necessary to be done, and such resolution shall be published for six days in the official paper of the city, if the same be a daily paper, and for two consecutive weeks, if the same be a weekly, and if the resident owners of more than one-half of the property liable for taxation therefor shall not within twenty days from such last publication file with the clerk of said city their protest against such improvement, the governing body shall have power to cause such work to be done or such improvement to be made, and to contract therefor and to levy taxes as herein provided," etc. (R. S. 12-602.)

It will be observed that the improvement may be ordered and made in the absence of a sufficient protest by the required number of resident owners when the governing body of the city deems it to be necessary and shall by resolution declare that it is necessary to be done. It is said that the resolution recites that it was deemed "advisable" and that the term used was not the equivalent of "necessary," and that the finding is jurisdictional and essential to a valid resolution. The following is the resolution adopted:

"*Be it resolved by the mayor and the councilmen of the city of Medicine Lodge, Kansas,* That they deem it advisable, and do hereby declare it necessary to bring to grade, regrade, curb, recurb, gutter, regutter and pave with brick on a concrete base, Main street, from the south line of Lincoln avenue, to the north line of Second avenue.

"*Be it further resolved,* That this resolution be published in two consecutive issues of the *Barber County Index,* a weekly newspaper printed in Medicine Lodge, Kansas."

It shows that the mayor and council not only resolved that they deemed it to be advisable to make the improvement, but expressly declared that it was necessary. Leaving out of consideration the

statement that it was advisable, the declaration of the officers that it was necessary is as strong an assertion of necessity as a statement that they deemed it necessary. It is hardly necessary to cite authorities, but the following may be consulted in regard to a preliminary statement of necessity by a resolution or ordinance before the making of an improvement, or of a finding by officers before the entry of an order. (*Newman v. City of Emporia*, 32 Kan. 456, 4 Pac. 815; *Bonnewell v. Lowe*, 80 Kan. 769, 104 Pac. 853; *Consolidated Flour Mills Co. v. Kansas Gas & Electric Co.*, 119 Kan. 47, 237 Pac. 1037.) The law having vested the function of determining the necessity for an improvement in the governing body of the city, it follows that its determination is controlling and when made in good faith is not open to review by the courts.

The other contention made by plaintiffs is that the protest filed was sufficient to bar further steps towards the making of the improvement. That depends on whether the properties owned by the city and a school district are to be considered in determining whether the resident owners of more than one-half of the property subject to assessment for the proposed improvement have protested. It is conceded that if the grounds owned by the city and school district are to be counted, the protest was insufficient and on the other hand if they are not to be considered, the protest was adequate to stop the paving of the street.

Whether public grounds like those belonging to counties, school districts and cities and used by them for public purposes are liable for special assessments for the improvements of streets, is not a new question in this state. In the early case of *Commissioners of Franklin Co. v. City of Ottawa*, 49 Kan. 747, 31 Pac. 788, the question was carefully considered and it was held that such grounds were subject to be assessed for street improvements the same as the property of other owners. That rule has been consistently recognized and followed since it was announced, a period of about thirty-five years. It also settled one of the contentions of the plaintiffs here that the law having provided for the exemption of the public properties from taxation, they could not be assessed or taxed for street improvements. The difference between levies for general taxation and special assessments was pointed out, and it was decided that the exemption of public property from general taxation did not exempt it from special assessments for local improvements. In the late case of *City of St. John v. Stafford County*, 111 Kan. 128, 205 Pac. 1033, the subject was again referred to and it was stated that

the exemption mentioned did not relieve county property from liability for special assessments. See, also, *Osborne County v. City of Osborne,* 104 Kan. 671, 180 Pac. 233; *Dunsworth v. City of Hutchinson,* 109 Kan. 538, 199 Pac. 89; *McCreedy v. City of Fort Scott,* 113 Kan. 753, 216 Pac. 287.

Counsel for plaintiffs earnestly argue at length that the property of the city and school district should not have been taken into account in measuring the sufficiency of the protest, but we see no reason for overruling the decisions cited nor for reopening the discussion of the rules so long and, we think, so well established.

Finding no error in the record, the judgment is affirmed.