No. 33,918

A. W. SMITH et al., *Appellants*, v. THE CITY OF KANSAS CITY et al., *Appellees*.

(80 P. 2d 1068)

Opinion filed July 9, 1938.

*Joel E. Osborn, Jr.,* and *Elmer E. Martin,* both of Kansas City, for the appellants.

*Alton H. Skinner,* city attorney, *Joseph A. Lynch, William H. Towers* and *Clarence A. Mott,* deputy city attorneys, *George H. West* and *P. W. Croker,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action by affected taxpayers to enjoin the city from repaving Minnesota avenue from Ninth street to Eighteenth street, and to enjoin the levy of special assessments and the issuing of tax bills and general obligation bonds of the city to pay the cost thereof. The trial court sustained demurrers by defendants to the second amended petition, and plaintiffs have appealed.

In ruling on the demurrers the trial court held that the action was not brought in time, and that the petition as amended did not state a cause of action. In making the improvements the city proceeded under G. S. 1935, 13-1092, which, among other things, provides:

"No suit to question the validity of the proceedings of the governing body of such city shall be commenced after thirty (30) days from the date of awarding the contract for said improvements as provided for in this act."

The contract was let August 12, 1937, and the petition was filed September 11, 1937. If the day on which the contract was awarded is to be counted the action was filed one day too late. We have examined the cases cited by counsel on this point (*Kansas City v. Gibson,* 66 Kan. 501, 72 Pac. 222; *Hoffmeyer v. Reed,* 88 Kan. 363, 128 Pac. 383; *Barker v. Kansas City,* 146 Kan. 347, 361, 70 P. 2d 5, and cases cited therein), and without analyzing each of them separately we think the correct rule is stated in *State v. Sessions,* 84 Kan. 856, 115 Pac. 641, at page 858, as follows:

"The rule for the computation of time in certain cases, as announced by this court, is that when the computation is to be made from an act done, or from the time of an act, the day on which the act is done is to be included, but when the computation is from a date or the day of a date the day of the date is excluded."

It will be observed that the statute above quoted does not fix the time from the awarding of the contract, but "from the date of awarding the contract." In other words, the computation is to be made from the date the contract is awarded, rather than from the act of awarding of the contract. With this construction the date the contract was awarded should be excluded, and the action was brought in time.

We pass to the question whether the petition, as amended, stated a cause of action. Broadly speaking, plaintiffs attempted to allege two grounds for the invalidity of the action of the city. First, that the pavement was in good repair and did not need improving. That was a matter for the governing body of the city to pass upon, and their action, unless induced by fraud, or unless it was arbitrary or capricious, cannot be inquired into by a court. The original petition attempted to allege arbitrary or capricious action by the governing body of the city, but these allegations were stricken out on motion of defendants as being conclusions and not allegations of fact. No complaint is made of that ruling. The latest amended petition contained general allegations of that character, but there is no contention on this appeal that they are any better than the ones stricken out of the original petition. Indeed, they are nothing more than conclusions of the pleader.

The second ground, and the one chiefly relied upon by plaintiffs, was that the city had outstanding bonds, which were general obligations of the city, in an amount in excess of the sum it was authorized to issue, and that the improvements sought to be enjoined required the city to issue an additional $45,000 of general obligation bonds, and it was alleged that it had no authority to do so. On motion of the defendant city, plaintiffs were required to set up as a part of their petition the list of the general obligation bonds of the city. The list on its face aggregated a sum in excess of the amount of general obligation bonds it was alleged the city was authorized to issue. The list of the bonds set out by plaintiffs described them in such a way that it could be determined—and was in fact determined—by the trial court that there were duplications in the list in a substantial amount. Making the proper deductions because of such duplications disclosed on the face of the petition as amended that the amount of the bonds to be issued by the city for this improvement would make the total amount of general obligation bonds of the city within the limit which plaintiffs alleged it was authorized

to issue. In the argument in this court counsel for appellants did not contend that this conclusion was erroneous, but argued that it was a matter of defense and should not have been ruled upon by the court in passing upon the demurrer. The point is not well taken. The result is, the court correctly held that the petition as amended did not state a cause of action.

Some other points are argued, but it will not be necessary to discuss them.

The judgment of the court below is affirmed.