No. 43,463

STATE HIGHWAY COMMISSION OF KANSAS, *Appellant,* v. CITY OF
TOPEKA, KANSAS, *Appellee.*

(393 P. 2d 1008)

Opinion filed July 14, 1964.

*Barton E. Griffith,* Assistant Attorney, and *Charles N. Henson,* Assistant
Attorney General, of Topeka, argued the cause and were on the briefs for
appellant.

*C. Bruce Works,* of Topeka, argued the cause, and *George D. Wagstaff,*
City Attorney, and *Patrick L. Connolly* and *William L. Harris, Jr.,* of Topeka,
were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The sole question presented is whether the city of
Topeka, a municipal corporation, has authority to subject real prop-
erty owned by the State Highway Commission to special assessment
for public improvements.

The city of Topeka created a Storm Sewer District which in-
cluded within its boundaries certain real property owned by the
State Highway Commission, an agency of the state of Kansas. The

property and its appurtenances are occupied and used by the Commission as its Division Headquarters and Shops in the city of Topeka. Following construction of the system of sewers, the city of Topeka enacted an ordinance assessing the cost of the improvement against the property within the district deemed benefited thereby, and assessed the sum of $1,585.94 against the real property owned by the Commission. In an action brought by the Commission to enjoin the city from levying the special assessment, the district court denied an injunction and the Commission has appealed.

The Commission contends that under Article 11, Section 9 of our Constitution providing that the state "may adopt, construct, reconstruct and maintain a state system of highways," and our statutes (G. S. 1949, 74-2001; G. S. 1961 Supp., 68-404, 68-413), prescribing its basic powers and duties and conferring power to acquire fee simple title to lands "when such lands are acquired for sites for the construction of buildings or improvements necessarily incident to the operation, maintenance and supervision of a state system of highways," that the Commission is an arm of the state created by the legislature to act for the state in the construction and maintenance of state highways as authorized by the Constitution, and cites *McCandliss Construction Co. v. Neosho County Comm'rs*, 132 Kan. 651, 653, 296 Pac. 720, and *Gresty v. Darby*, 146 Kan. 63, 65, 68 P. 2d 649. It asserts that the action taken by the city was in fact action taken against the sovereign state of Kansas itself; that one of the attributes of sovereignty is the basic principle that the state and its agencies and their property are inherently vested with immunity from taxation because of their public nature; that although the doctrine is effective without any statute, G. S. 1949, 79-201 provides that all property used for and belonging exclusively to the state of Kansas shall be exempt from taxation and points out that there are no qualifying reservations or exceptions to the statutory mandate; that while the legislature has the power to subject state property to special assessments, a municipality has no power to levy a special assessment against state property unless specifically authorized by statute, and that since G. S. 1949, 13-1013, the statute under which the city created the Sewer District and assessed the cost of the improvement against property in the district, confers only a general power to make special assessments, and contains no specific power to levy special assessments against state property, the special assess-

ment in question is void and the court erred in rendering judgment against the Commission.

The city concedes that the State Highway Commission is an arm of the state of Kansas and that Article 11, Section 1 of the Kansas Constitution, and G. S. 1949, 79-201 specifically exempt all lands used for and belonging exclusively to the state from taxation, but it argues that this court has distinguished between taxation, or the levying of taxes for general purposes, and assessments, or levying special taxes for public improvements, and contends that the Commission's property in question is not exempt from the special assessment to construct the storm sewer. It cites and relies upon *Commissioners of Franklin Co. v. City of Ottawa*, 49 Kan. 747, 31 Pac. 788; *Jefferson County v. Oskaloosa*, 80 Kan. 587, 102 Pac. 1095; *City of Wichita v. Board of Education*, 92 Kan. 967, 142 Pac. 946; *City of St. John v. Stafford County*, 111 Kan. 128, 205 Pac. 1033; *State, ex rel., v. State Highway Comm.*, 130 Kan. 456, 286 Pac. 244, and *Mount Hope Cemetery Co. v. City of Topeka*, 190 Kan. 702, 378 P. 2d 30.

While the word "tax" in its broad meaning includes general taxes and special assessments, and in a general sense a tax is an assessment, and an assessment is a tax, yet this court has consistently held that under Article 11 of our Constitution, taxes and assessments technically considered, are different things. In addition to the foregoing authorities see *Hines and others v. City of Leavenworth and others*, 3 Kan. 186; *Comm'rs of Ottawa Co. v. Nelson*, 19 Kan. 234, 240; *Tull v. Royston*, 30 Kan. 617, 2 Pac. 866; *Kansas City v. Gibson*, 66 Kan. 501, 502, 72 Pac. 222; *Commissioners of Franklin Co. v. City of Ottawa*, supra; *Osborne County v. City of Osborne*, 104 Kan. 671, 180 Pac. 233; *Dunsworth v. City of Hutchinson*, 109 Kan. 538, 199 Pac. 89; *McCreedy v. City of Fort Scott*, 113 Kan. 753, 216 Pac. 287; *Palmer v. Munro*, 123 Kan. 387, 255 Pac. 67, and *Horejsi v. City of Holyrood*, 171 Kan. 190, 231 P. 2d 215.

A special assessment is in the nature of a tax levied upon property according to the benefits conferred on the property. The whole theory of a special assessment is based upon the doctrine that the property against which it is levied derives some special benefit from the improvement; that while the property is made to bear the cost of the improvement, it or its owner suffers no pecuniary loss thereby since the property is increased in value by an amount at least equal to the sum it is required to pay. Generally speaking,

the difference between a special assessment and general taxes is that a special assessment can be levied only on land, is based wholly on benefits conferred, and is exceptional both as to time and locality. (1 Cooley (4th Ed.), The Law of Taxation, § 31, p. 105; 14 Mc-Quillin (3rd Ed.), Municipal Corporations, § 38.73, pp. 200, 201.)

The power of cities to make property liable for special improvements is found in the statutes. Despite the fact that none of them specifically provide that public property will or will not be subject to special assessments, this court has held that public property is liable for such assessments without an express declaration to that effect in the statutes. We dealt with this question in *Palmer v. Munro,* supra, and said:

"Whether public grounds like those belonging to counties, school districts and cities and used by them for public purposes are liable for special assessments for the improvements of streets, is not a new question in this state. In the early case of *Commissioners of Franklin Co. v. City of Ottawa,* 49 Kan. 747, 31 Pac. 788, the question was carefully considered and it was held that such grounds were subject to be assessed for street improvements the same as the property of other owners. That rule has been consistently recognized and followed since it was announced, a period of about thirty-five years. It also settled one of the contentions of the plaintiffs here that the law having provided for the exemption of the public properties from taxation, they could not be assessed or taxed for street improvements. The difference between levies for general taxation and special assessments was pointed out, and it was decided that the exemption of public property from general taxation did not exempt it from special assessments for local improvements. . . ." (l. c. 389.)

Other cases heretofore cited are to the same effect.

The Commission asserts that while public property of subdivisions of the state has been held liable for special assessments without an express declaration to that effect in the statutes, the cases deciding the point involved the question only as between political subdivisions created by the legislature, and those cases have no bearing on the sovereign immunity of the state of Kansas. In its brief the Commission states: "Our research fails to reveal a single Kansas case deciding the question of whether or not state property is liable for special assessments."

We agree with the Commission that the specific question presented is one of first impression. However, in *State, ex rel., v. State Highway Comm.,* supra, we applied our decisions dealing with subdivisions to payments required to be made by the Commission under the road benefit district law. It was held that Section 18, Ch. 225, Laws of 1929, directing the Commission to pay a portion

of costs chargeable to the lands and improvements in a benefit district for construction of a road did not violate Article 11, Section 1 of the Constitution, and in the opinion it was said:

"We adhere to the holdings of this court to the effect that section 1 of article 11 of our constitution has no application to special assessments levied on lands and improvements of road benefit districts. . . ." (l. c. 461)

Contrary to the forceful argument of counsel for the Commission that state property is not liable for special assessments unless the statute authorizing the same specifically authorizes their levy, we adhere to our holdings that Article 11, Section 1 of our Constitution has no application to special assessments, and that an exemption of property of the state, county and municipalities from "taxation" does not carry an exemption from special assessments for public improvements. Running through our decisions is the holding that public property is liable for special assessments for public improvements and this can only be overcome by a positive declaration in the statutes that the public property shall not be liable therefor but that the costs will be borne by the city at large. This is true despite the fact that there are no provisions for the placing of property of the state or its agencies on the tax rolls or for collections against it or subjecting it to any penalties, or that no provision is made whereby the city of Topeka could enforce collection of its special assessment against the Commission. While real property of the Commission cannot be sold under any tax proceeding or foreclosure sale for special assessments levied thereon, it is always presumed that state officials will act in the utmost good faith and comply with the law, and that the Commission will arrange and provide for payment of the special assessment without any action or other legal proceedings being necessary.

The Commission argues, however, that the special assessment cannot be lawfully paid out of the State Highway fund. It asserts that under Article 11, Section 10 of the Constitution, the state is empowered to levy special taxes for road and highway purposes on motor vehicles and on motor fuels and that funds levied and collected thereunder are for a specific purpose and neither the legislature nor the Commission has authority to appropriate or use such funds for any purpose other than for the construction and maintenance of state highways. It further argues that to use such funds to pay the special sewer assessment imposed by the city for the local benefit of a district would be an unauthorized and unlaw-

ful diversion of those funds, and that the Commission may not use them for that purpose. We do not agree. In the first place the contention was fully answered in *State, ex rel., v. State Highway Comm.,* supra, and in the second place, it cannot be doubted that the benefits from the system of sewage and drainage to the Commission's Headquarters and Shops are necessarily incident to the operation, maintenance and supervision of a state system of highways. On this point we are satisfied that it is not a violation of any constitutional provision to use state highway funds in payment of the special assessment in question.

Our attention has been called to the decisions of courts of other jurisdictions that state property is not subject to special assessments unless specifically permitted by statute. Notwithstanding the reasoning of the able courts of those states, we are of the opinion that under our Constitution and statutes as interpreted by this court, cities have the power to levy special assessments upon state property necessary for the particular public improvement unless the statute authorizing the same specifically provides that state property shall be exempt therefrom, or that when extended along or upon state property, the costs thereof shall be borne by the city at large.

The judgment is affirmed.

PARKER, C. J., dissents.