The Honorable August Bogina State Senator, Tenth District State Capitol, Room 120-S Topeka, Kansas 66612
Dear Senator Bogina:
You inquire whether the city of Topeka can charge the youth center, a state owned and operated facility, a stormwater utility fee pursuant to ordinance no. 16472. Specifically, you are concerned with whether this fee is, in fact, a tax on property used exclusively for state purposes which is prohibited under section 1 of article 11 of the Kansas constitution and K.S.A. 1992 Supp. 79-201a second.
In order to determine whether this fee is — in actuality — a tax, it is necessary to examine its nature and purpose because the fact that the city denominates this charge as a "fee" is not the decisive factor in ascertaining whether the fee violates the aforementioned tax prohibitions. Executive Aircraft Consulting Inc. v. City of Newton,Kansas, ___ Kan. ___, Kansas Supreme Court, No. 67,889 (January 22, 1993).
Stormwater not only causes flooding but is frequently polluted. The federal clean water act requires municipalities to implement stormwater management programs designed to clean pollutants from the flow of water during and immediately after a rain fall. The ordinance establishes a stormwater utility which operates along the same lines as a utility for water and sewer service. (See K.S.A. 12-1301 et seq.) There is a monthly stormwater drainage fee which is added to the consolidated billing for water, sewer, and refuse service. If a partial payment is received the payment is prorated to each account billed on the consolidated statement in the proportion that an individual account bears to the total consolidated statement of all current charges for all accounts. Failure to pay the drainage fee may subject the user to discontinuance of utility services.
This fee also has attributes of a special assessment because the unpaid fees may be certified to the county clerk as a lien upon the property and may be foreclosed "as other taxes due and owing to the city". (Section 7). A special assessment is in the nature of tax levied upon property according to the benefits conferred on the property. The theory is that the property subjected to a special assessment derives some special benefit from the improvement and that while the property bears the cost of the improvement, it or its owner suffers no pecuniary loss since the property has increased in value by an amount at least equal to the sum it is required to pay. State Highway Commission v. City of Topeka,193 Kan. 335 (1964).
Section 1 of ordinance 16473 states, in relevant part, as follows:
 "The cost of operating and maintaining all stormwater management systems, and the financing of existing and future necessary repairs . . . should, to the extent practicable, be allocated in relationship to the benefits enjoyed and services received therefrom." (Emphasis added).
Section 4 states, in relevant part, as follows:
 "It is hereby found, determined, and declared that those elements of the system which provide for the collection, treatment, storage and disposal of stormwater are of benefit and provide services to all property within the incorporated city limits, including property not presently served by the storm elements of the system. The beneficiaries of the system include all real properties within the city of Topeka which benefit by the provision, operation and improvement of the system."
Section 6 imposes the drainage fee on the property as well as the owner and users. The fee is based upon a formula which employs the average impervious area of residential developed property per dwelling unit.
K.S.A. 12-6a02 authorizes cities to make municipal improvements which benefit property within a definable area of the city and provides for the levy and collection of a special assessment. K.S.A. 12-6a10 provides that assessments are levied as a "special tax upon the property" and may be collected in the same manner as "other taxes of the city" which is similar to the language used in section 7 of the ordinance.
Whether the charge imposed by the city is denominated as a fee or a special assessment on property, the fact remains that the city can impose it on state property because the charge does not fall within the taxing prohibition of the Kansas constitution or K.S.A. 1992 Supp. 79-201a second.
In Executive Aircraft Consulting Inc. v. City of Newton, Kansas, the court distinguished a tax from a fee.
 "A tax is a forced contribution to raise revenue for the maintenance of governmental services offered to the general public. In contrast, a fee is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public. A fee is not a revenue measure, but a means of compensating the government for the costs of offering and regulating the special service, benefit, or privilege. Payment of a fee is voluntary — an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered." (at page 14).
If one analyzes this charge under a special assessment theory, Kansas law allows state properties to be subjected to a special assessment because while a special assessment is a tax in a general sense, Kansas courts have concluded that taxes and assessments are different things and that a special assessment on state property does not violate article 11
of the Kansas constitution or K.S.A. 1992 Supp. 79-201a. State HighwayCommission v. City of Topeka, 193 Kan. 335 (1964).
Consequently, the city of Topeka is authorized to charge the youth center at Topeka a stormwater drainage fee.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm