Gary E. Rebenstorf City Attorney City Hall, Thirteenth Floor 455 North Main Street Wichita, Kansas 67202-1635
Dear Mr. Rebenstorf:
You have requested an opinion concerning K.S.A. 1992 Supp. 79-1703's prohibition against releasing or discharging taxes. Specifically, you inquire whether special assessments originally levied against property by the city of Wichita can be abated or written off by Sedgwick county at the city's request without violating the statute. You indicate that the city of Wichita is sometimes requested to abate all or a portion of certain special assessments that it has levied against property because of mistakes made by the city in calculating the assessment, failure to provide adequate notice to the property owner or other circumstances which make collection of the assessment unfair. Most of the adjustments are for nuisance-type assessments which have been levied to cover the costs of weed mowing, lot cleanup, and snow removal. Other assessments are for public improvements pursuant to K.S.A. 12-6a01 et seq. In all cases, the city absorbs the cost of the abatement rather than passing it on to other landowners.
K.S.A. 1992 Supp. 79-1703 provides in relevant part as follows:
 "(a) Except . . . as otherwise provided by law, no board of county commissioners or other officer of any county shall have the power to release, discharge, remit or commute any portion of the taxes assessed or levied against any person or property within their respective jurisdictions for any reason whatsoever. Any taxes so discharged, released, remitted or commuted may be recovered by civil action from the members of the board of county commissioners or such other officer and the sureties of their official bonds at the suit of the attorney general, the county attorney, or of any citizen of the county or the board of education of any school district. . . ."
A tax is a forced contribution to raise revenue for the maintenance of governmental service offered to the general public. Executive AircraftConsulting, Inc. v. City of Newton, 252 Kan. 421 (1993). It is an enforced contribution to provide for the support of government. UnitedStates v. Mississippi Tax Commission, 421 U.S. 599, 606, 44 L.Ed.2d 404,95 Sup.Ct. 1872 (1975). A special assessment is in the nature of a tax levied upon property according to the benefits conferred upon the property. The whole theory of a special assessment is based upon the doctrine that the property against which it is levied derives some special benefit from the improvement; that while the property is made to bear the cost of the improvement, it or its owner suffers no pecuniary loss thereby since the property is increased in value by an amount at least equal to the sum it is required to pay. State Highway Commissionv. City of Topeka, 193 Kan. 335, 337 (1964).
Kansas appellate courts have concluded that taxes and special assessments are different because a special assessment is levied only on land and is based wholly on benefits conferred whereas the purpose of a tax is to raise money which is then used for general public purposes.City of Topeka, at p. 337. For example, in Crestview Bowl, Inc. v. WomerConstruction Company, 225 Kan. 335, 341 (1979), the court concluded that when a lease requires a tenant to pay "taxes", this provision requires payment of ad valorem taxes and not special assessments. In addition, K.S.A. 13-907 provides that, in all cities of the first class, "all taxes and special assessments" must be levied and certified by the city clerk to the county clerk within a certain period of time which supports the position that special assessments are different from taxes. Consequently, provisions relating to taxes generally are not applicable to local assessments or special assessments for improvements. 14 McQuillin (3d Ed.Rev.) Municipal Corporations sec. 38.01.
In light of the fact that tax statutes such as K.S.A. 1992 Supp. 79-1703
will not be extended by implication beyond the clear import of their language and their operation will not be enlarged so as to include matters not specifically embraced, it is our opinion that the statute does not apply to special assessments.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm